# United States Court of Appeals
### For the Eighth Circuit

———————————————————

## No. 19-2989

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Damien Deandre Burnett, also known as Luck

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: April 24, 2020
Filed: April 29, 2020
[Unpublished]

——————————

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Damien Burnett appeals after he pled guilty to a drug offense, and the district court[1] sentenced him to a prison term below the advisory range under the United

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

States Sentencing Guidelines Manual ("Guidelines").  His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing Burnett's sentence is substantively unreasonable.  Burnett has filed a pro se brief reiterating the arguments in the *Anders* brief, and has moved for new counsel.

We conclude the district court did not impose an unreasonable sentence.  *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing appellate review of sentence for procedural error and then substantive reasonableness).  First, we conclude the district court's factual findings were not clearly erroneous in light of the evidence presented at sentencing.  *See United States v. Bryant*, 913 F.3d 783, 786 (8th Cir. 2019) (reviewing application of Guidelines de novo and findings of fact for clear error).  Next, we conclude Burnett's sentence is not substantively unreasonable.  *See Feemster*, 572 F.3d at 461-62 (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness); *see also United States v. McCauley,* 715 F.3d 1119, 1127 (8th Cir. 2013) (noting it is "nearly inconceivable" a district court abused its discretion by not varying downward further when it has varied below the Guidelines range).

Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, we deny Burnett's motion for appointment of new counsel, we affirm, and we grant counsel leave to withdraw.

_____